# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENTE HUERTA-JIMENEZ, et al., Petitioners, v. NEILSEN, et al., Respondents. | Case No.: 19cv150-MMA (BLM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 1]<br><br>**DENYING AS MOOT PETITIONERS' MOTION TO STAY**<br><br>[Doc. No. 2] |

Petitioners Clemente Huerta-Jimenez ("Huerta"), a citizen of Mexico, and his wife, Ermelinda Perez ("Perez"), have filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of an order issued by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), directing Huerta's expedited removal from the United States. *See* Doc. No. 1. Petitioners also move to stay the execution of the removal order pending the outcome of these proceedings. *See* Doc. No. 2. For the reasons set forth below, the Court summarily **DISMISSES** the petition for lack of jurisdiction and **DENIES AS MOOT** the motion to stay.

1

## DISCUSSION

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.[1] "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

Petitioners argue that they received ineffective assistance of counsel during the process of Huerta applying for Lawful Permanent Resident ("LPR") status. Huerta traveled across the international border to attend an immigrant visa interview at the United States Consulate in Ciudad Juarez, Mexico. According to Petitioners, their attorney failed to advise Huerta that departing the United States would render him inadmissible for a period of ten years.[2] Petitioners contend that execution of the expedited removal order would violate the Suspension and Due Process Clauses of the United States Constitution. Before considering the merits of Petitioners' claims, the Court must determine whether it has the authority to exercise jurisdiction over the petition.

As an initial matter, a petitioner must be "in custody" at the time he or she files a petition. *See* 28 U.S.C. § 2241(c)(3). The "in custody" requirement is jurisdictional. *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). Petitioners do not contend that Perez is

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b) of the Rules Governing § 2254 Cases.

[2] On November 15, 2018, Petitioner allegedly climbed the United States/Mexico International Boundary fence near the Tecate, California Port of Entry, where he was apprehended by a Border Patrol agent, and admitted that he was a citizen of Mexico without immigration documents that would allow him to enter or remain in the United States legally. *See Complaint*, Doc. No. 1, 18mj22839-KSC. Petitioner was charged with one count of misdemeanor illegal entry pursuant to 8 U.S.C. § 1325. Petitioner pleaded not guilty and has been released on bond.

in custody. Huerta acknowledges that he was released on his bond in his criminal proceedings but claims to be in ICE's "constructive custody." *Petition* ¶ 7. However, to establish constructive custody, a petitioner must show that his movements are "restrained by authority of the United States." *Shaughnessy v. United States ex rel. Mezei,* 345 U.S. 206, 213 (1953). Huerta simply states that he "*will be* apprehended at the courthouse upon completion of the criminal proceedings." *Petition* ¶ 7 (emphasis added). This is insufficient to establish constructive custody.

Furthermore, Congress has stripped district courts of habeas jurisdiction over final orders of deportation or removal, and vested jurisdiction to review such orders exclusively in the courts of appeals. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ."). Circuit courts are the "sole" judicial body with the statutory authority to review challenges to final orders of deportation, exclusion, or removal. *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005). A single exception is set forth in 8 U.S.C. § 1252(e)(2), which provides:

> [A] person in expedited removal proceedings may file a habeas petition in federal district court to contest three DHS determinations: whether the person is a noncitizen, whether he was ordered removed via expedited removal, and whether he is a lawful permanent resident or has another status exempting him from expedited removal. Review of whether a petitioner was ordered removed is limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.

*Thuraissigiam v. U.S. Dep't of Homeland Sec.*, ___ F.3d ___, No. 18-55313, 2019 WL 1065027, at *4 (9th Cir. Mar. 7, 2019) (citing 8 U.S.C. § 1252(e)) (internal citations and quotations omitted). Here, Petitioners do not challenge that (1) an expedited removal order has been issued, and (2) it relates to Huerta. As such, Section 1252(e)(2) "does not authorize jurisdiction over the petition." *Id.* at *5.

Moreover, Petitioners seek habeas relief on the grounds of ineffective assistance of counsel, arising out of erroneous legal advice obtained during the process of applying for LPR status for Huerta. There is no right to counsel – much less competent counsel – outside the context of formal immigration proceedings. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 975 (9th Cir. 2004) ("We reject the Petitioners' attempt to cast such an expansive and amorphous Fifth Amendment due process right that encompasses legal assistance removed from the actual [removal or deportation] process itself."); *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1051 (9th Cir. 2008) (citing *Lara-Torres*) ("Although the failings of Balam-Chuc's attorney in this case have resulted in terrible consequences for him and his family, the Fifth Amendment simply does not apply to the preparation and filing of a petition that does not relate to the fundamental fairness of an ongoing proceeding."). Setting that aside, district courts generally do not have habeas jurisdiction over ineffective assistance of counsel claims. *See, e.g.*, *Alfaro-Mejia v. Holder*, No. 13-795 JAK (AJW), 2013 WL 599876, at *2 (C.D. Cal. Feb. 15, 2013) (distinguishing *Singh* and finding that the court did not have jurisdiction over a petitioner's ineffective assistance of claims). And despite framing their ineffective assistance of counsel claim as a constitutional violation, Petitioners "challenge[] the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, [which] is prohibited by section 1252(a)(5)."[3] *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012).

//
//
//

---

[3] The Ninth Circuit's recent holding in *Thuraissigiam* does not direct otherwise. First, the petitioner in that case properly invoked the Court's habeas jurisdiction based on his custodial status. Second, the Ninth Circuit held that Section 1252(e)(2) unconstitutionally suspended the writ of habeas corpus based on its specific application to the petitioner, based on circumstances which are wholly inapposite to this case.

4

## CONCLUSION

Based on the foregoing, the Court summarily **DISMISSES** the petition for writ of habeas corpus based on lack of jurisdiction and **DENIES AS MOOT** Petitioners' motion for a stay of these proceedings. The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: March 14, 2019

HON. MICHAEL M. ANELLO
United States District Judge